Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., #780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NALANI ANDERSON, individually and on behalf of individuals of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1)   California Penal Code § 632**<br>**(2)   California Penal Code § 632.7**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**
-1-

Plaintiff NALANI ANDERSON, on behalf of herself and individuals of the general public similarly situated alleges the following upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. This is a class action brought by Plaintiff on behalf of herself and individuals of the general public to stop Synchrony Bank's ("Defendant") illegal practice of invading the privacy of individuals by knowingly and willfully recording conversations of California individuals without their consent.

2. Defendant Synchrony Bank is large banking company with millions of customers nationwide. A large portion of California residents use Synchrony Bank for their banking needs and entrust them with their financial information and for maintaining their privacy.

3. Defendant has various policies and practices that determine how it interacts with members of the general public so that its interactions with individuals of the general public are systematic and representative of Defendant.

4. On information and belief, Plaintiff alleges that it's Defendant's systemic policy and practice to record every single conversation that it has with members of the general public, including individuals in California, on the telephone without reservation. However, in violation of various provisions of California Penal Code §§ 630 *et seq.*, Defendant makes it its policy and practice to record these conversations without the knowledge and consent of the individuals being recorded, including private conversations dealing with financial information that Defendant is entrusted to protect as well as embarrassing debt obligations.

5. Plaintiff brings this class action for damages, public injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants and their related entities, subsidiaries and agents in willfully employing and/or causing to be employed certain eavesdropping, recording and listening equipment in order to record, monitor or listen to the telephone

conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy.

6. California Penal Code § 632 prohibits intentionally monitoring or recording a confidential telephone conversation without the consent of all parties to the call. Plaintiff alleges that Defendant violated and continues to violate Penal Code § 632 by secretly recording and/or monitoring confidential telephone conversations with California residents.

7. California Penal Code § 632.7 prohibits intentionally monitoring or recording a cellular or cordless telephone conversation without the consent of all parties to the call. Plaintiff alleges that Defendants violated and continue to violate Penal Code § 632.7 by secretly recording and/or monitoring their telephone conversations with California residents using cellular and/or cordless telephones.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over this class action under 28 U.S.C. § 1332(d)(2) because both its minimal-diversity requirement and its amount-in-controversy requirement are satisfied. First, with respect to minimal diversity, Plaintiff is a citizen of the State of California whereas Defendant SYNCHRONY BANK is a citizen of the State of Utah. Second, with respect to the amount in controversy, Plaintiff seeks $5,000 in statutory damages for each violation of the California Penal Code, as provided under Penal Code § 637.2. Thus, the alleged damages of the proposed class, which numbers in the thousands, exceed $5,000,000.

9. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because the telephone conversation at issue occurred in this District. Additionally, the Defendant conducts business in this judicial district that gave rise to this action.

## PARTIES

10. Plaintiff is a natural person residing in the County of Alameda, State of California.

11. Defendant SYNCHRONY BANK ("Defendant") is one of the leading banking institutions in the nation.

12. The true names and capacities of the defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by fictitious names. Each of the defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE defendants when he learns them.

13. Plaintiff is informed and believes that at all relevant times, each and every defendant was acting as an agent and/or employee of each of the other defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other defendants.

14. Defendant and each of DOE Defendant, agent and/or employee shall be collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

15. On or about April of 2017, Defendants attempted to collect an alleged debt from Plaintiff. While attempting to collect this alleged debt from Plaintiff, Defendants contacted Plaintiff on her cellular telephone and work landline.

16. During Defendants' conversations with Plaintiff, Defendants would request various identifying information from Plaintiff, including at times her name, telephone number, date of birth, address and/or social security number, prior to advising Plaintiff that the call was being recorded. Defendants would not inform Plaintiff at the onset of the call that it was being recorded.

17. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendants had a policy and a practice of secretly recording and/or monitoring telephone conversations with consumers. Defendants' employees and agents are directed, trained and instructed to, and do, monitor, record and/or eavesdrop upon telephone conversations with members of the public, including Plaintiff and other California residents.

18. Plaintiff is informed and believes, and thereon alleges, that Defendants have installed and/or caused to be installed certain eavesdropping and listening equipment on their employees' or agents' telephone lines. Defendants use these devices to overhear, record, and listen to the telephone conversations on said telephone lines.

19. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendants have had all of their calls with members of the public, including those with California residents, recorded, monitored and/or eavesdropped upon without the knowledge or consent of the recorded party, including Plaintiff and other California residents.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and all others similarly situated ("The Class").

21. Plaintiff represents and belongs to The Class, defined as follows: "All persons in California whose telephone conversations were monitored, recorded and/or eavesdropped upon without their consent by Defendants within one year before the filing of the original Complaint in this action."

22. Plaintiff represents and belongs to "The Cellular Subclass," defined as follows: "All persons in California whose cellular telephone conversations were monitored, recorded and/or eavesdropped upon without their consent by Defendants within one year before the filing of the original Complaint in this action."

23. Defendants, their employees and their agents are excluded from The Class and The Cellular Subclass. Plaintiff does not know the number of members in The Class, but believes this number to be in the hundreds of thousands, if not more.

24. This suit seeks only damages and public injunctive relief for recovery of economic injury on behalf of The Class and The Cellular Subclass and does not seek recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted by facts learned from further investigation and discovery.

25. The joinder of The Class members is impractical and the disposition of their claims in this class action will provide substantial benefits to both the parties and the Court. The Class and The Cellular Subclass can be identified through Defendants' records and databases of cell phone numbers.

26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to The Class include:

   a. Whether Defendants have a policy or practice of recording its telephone calls;
   b. Whether Defendants' call scripts warn at the outset of the call that the call may be recorded;
   c. Defendants' policy and practice (or lack thereof) for obtaining California residents' consent to being recorded;
   d. Whether one's income level is "confidential" within the meaning of California Penal Code §§ 630 *et seq.*;
   e. Whether Defendants' monitoring, recording and/or eavesdropping violates California Penal Code §§ 632(a) and/or 632.7;

f. Whether Defendants should be enjoined from engaging in such conduct in the future for the benefit of the public.

27. Plaintiff is asserting claims that are typical of The Class because the other members of The Class were subjected to similar conduct and are, like Plaintiff, entitled to statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a).

28. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest adverse to The Class. Plaintiff has retained counsel experienced in handling class action claims, including invasion-of-privacy claims.

29. Plaintiff and the members of The Class have all suffered irreparable harm as a result of Defendants' unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to continue unabated. Because of the size of an individual Class member's claims, few, if any, Class members could afford to seek legal redress individually for the wrongs complained of herein.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. For instance, the statute provides bright-line liability for The Cellular Subclass, and the statutory damages are formulaic and easy to calculate.

31. Defendants have acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF PENAL CODE § 632

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. California Penal Code § 632 prohibits intentionally monitoring or recording a confidential telephone conversation without the consent of all parties to the call. The statute prohibits unconsented-to monitoring or recording of conversations even if the Plaintiff expects that the content of the conversation may later be conveyed to a third party. *Flanagan v. Flanagan*, 41 P.3d 575, 580 – 81 (Cal. 2002). Consent can only be given prospectively, not retrospectively. The only intent required by Penal Code § 632 is that the act of recording itself be intentional.

34. Plaintiff is informed and believes, and thereupon alleges, that Defendants employed and/or caused to be employed certain eavesdropping, recording and listening equipment on the telephone lines of all employees, officers, directors and managers of Defendants.

35. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines.

36. This listening, recording and/or eavesdropping equipment was used to record, monitor or listen to the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.

37. During these secretly recorded calls, Defendants asked Plaintiff and, on information and belief, the other members of The Class for personal and private information, including their marital status and income level and whether they were over the age of 25.

38. Defendants did not inform Plaintiff or the other members of The Class at the outset of conversations that Defendants were recording the calls. Plaintiff

and the other members of The Class had not consented to such recording.

39. Defendants intruded on Plaintiff's and Class members' privacy by intentionally engaging in the aforementioned intercepting, eavesdropping, listening and recording activities.

## SECOND CAUSE OF ACTION
## VIOLATION OF PENAL CODE § 632.7

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. California Penal Code § 632.7 prohibits intentionally monitoring or recording a cellular or cordless telephone conversation without the consent of all parties to the call.

42. Plaintiff is informed and believes, and thereupon alleges, that many if not most of the calls secretly recorded by Defendants were, like the one to which he was a party, calls during which the consumer was using a cordless or cellular telephone.

## PRAYER FOR RELIEF

43. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

A. That this action be certified as a class action on behalf of The Class and The Cellular Subclass and Plaintiff be appointed as the representative of The Class and The Cellular Subclass;

B. Statutory damages of $5,000 per violation of Penal Code § 632 or Penal Code § 632.7 pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

C. That the Court preliminarily and permanently enjoin Defendants from monitoring, recording and eavesdropping upon all telephone conversations with California residents, including Plaintiff and The Class

members, without their prior consent, as required by California Penal Code § 630 *et seq.*;

   D. General damages according to proof;

   E. Special damages according to proof;

   F. Exemplary or punitive damages;

   G. Costs of suit;

   H. Prejudgment interest at the legal rate;

   I. Injunctive and declaratory relief, specifically preventing Defendant from engaging in its illegal policies and practices with respect to members of the general public similarly situated, and

   J. Such further relief as this Court deems necessary, just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated:  March 27, 2018  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

         s/Todd M. Friedman_____
         Todd M. Friedman
         Attorney for Plaintiff